IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CORINNE KASPER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 22-cv-3563 |
| | ) | |
| v. | ) | |
| | ) | |
| Chicago Police Officers LUIS LAURENZANA, | ) | |
| TODD WITULSKI, and the CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | Jury Demand |

**COMPLAINT**

1. In the summer of 2020, Plaintiff Corinne Kasper, as well as thousands of organizers, activists, and community leaders in Chicago, mobilized in a repudiation of anti-Black racism, white supremacy, police violence, and mass criminalization and incarceration. Millions have joined demonstrations around the globe—often lifting up the names of George Floyd, Breonna Taylor, Tony McDade, and scores of other Black people killed by police.

2. The Chicago Police Department ("CPD") and other City agencies responded to these demonstrations with brutal, violent, and unconstitutional tactics that are clearly intended to injure, silence, and intimidate Plaintiff Kasper and other protesters.

3. As explained in more detail below, Plaintiff was assaulted by CPD Officers while she posed no threat to anyone, interfering with Plaintiff's constitutional rights.

4. CPD's unconstitutional actions have caused Plaintiff significant harm, including the violation of her constitutional rights as well as physical, emotional, and mental injuries.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

1

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to the claims asserted in this complaint occurred in this judicial district.

## PARTIES

7. Plaintiff Corinne Kasper is a 26-year-old Native American resident of Chicago, Illinois who uses she/her pronouns.

8. Defendants Luis Laurenzana and Todd Witulski are Chicago Police Officers who, at all times relevant to the events at issue in this Complaint, were acting under color of law and within the scope of their employment with the CPD. They are sued in their individual capacities for violating Plaintiff's rights under the U.S. Constitution and Illinois state law.

9. Defendant City of Chicago is and at all times mentioned herein was a municipality organized and operating under the statutes of the State of Illinois. It is authorized under the statutes of the State of Illinois to maintain the Chicago Police Department, which acts as the City's agent in the areas of municipal law enforcement, and for which the City is ultimately responsible. Defendant City was, at all times material to this Complaint, the employer and principal of Defendants Laurenzana and Witulski.

## FACTUAL ALLEGATIONS

10. On May 25, 2020, Minneapolis police officers murdered George Floyd when they suffocated him to death while he was handcuffed in a prone position on the ground in broad daylight on the street. Floyd's murder and the police murder of Breonna Taylor in her home in Louisville, Kentucky, in addition to recent police murders of too many other Black people throughout the United States, sparked the largest movement for justice in the history of the United States and has included protests around the world against anti-Black police violence, white supremacy, systemic racism, and inequality.

11. On the evening of July 17, 2020, Plaintiff rode her bicycle to Buckingham Fountain to participate in the Black, Indigenous Solidarity Rally (Decolonize Zhigaagoong).

12. After listening to speakers, Plaintiff began marching, while walking her bicycle, with and alongside other protesters. Plaintiff walked into Grant Park towards the statue of Christopher Columbus, which was guarded by Chicago police officers.

13. As Plaintiff was standing alongside other protesters, holding her bicycle in front of her, Defendant Chicago Police Officer Luis Laurenzana ran up to her and repeatedly kicked her bicycle into her body.

14. Defendant Laurenzana then repeatedly struck Plaintiff on her left hand with his baton.

15. Plaintiff did not physically attack, assault, threaten, or resist Defendant Laurenzana or any other Chicago police officer at any time or in any way.

16. Plaintiff did not commit any unlawful act and was engaging in constitutionally protected activity.

17. Defendant Chicago Police Officer Todd Witulski was standing nearby while Defendant Laurenzana physically abused Plaintiff. Defendant Todd Witulski had the duty and opportunity to intervene to protect Plaintiff from harm, and failed to do so.

18. Following the incident, Plaintiff went to the University of Chicago emergency room to receive medical treatment for her hand, which was broken in several places.

19. Due to her injured hand, Plaintiff, who was a PhD student, was unable to do any work for approximately one month, which negatively impacted her school work.

20. As a direct and proximate result of the Defendant Officers' actions as detailed above, Plaintiff suffered and continues to suffer, *inter alia*, bodily injuries to her hand, for which

she received emergency and other medical treatment, her leg, as well as pain and suffering, extreme mental distress, anguish, and fear.

### COUNT I – 42 U.S.C. § 1983
### Violation of the Fourth Amendment – Excessive Force

21. Each paragraph of this Complaint is incorporated as if restated fully herein.

22. Count I is alleged against Defendant Laurenzana.

23. The actions of Defendant Laurenzana described above constituted unreasonable and excessive force, without legal cause, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

24. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

25. The actions of the Defendant Laurenzana were the direct and proximate cause of the violations of Plaintiff's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, and humiliation as set forth more fully above.

### COUNT II – 42 U.S.C. § 1983
### Violation of the First Amendment – Freedom of Speech and Assembly, Intimidation and Retaliatory Use of Force

26. Each paragraph of this Complaint is incorporated as if restated fully herein.

27. Count II is alleged against all Defendant Officers.

28. As described in detail above, Plaintiff participated in lawful, constitutionally protected activity on the public streets and parks of the City of Chicago.

29. The actions of the Defendant Officers described above violated Plaintiff's rights to freedom of speech and assembly guaranteed by the First and Fourteenth Amendments to the

4

United States Constitution, in that Plaintiff was abruptly prevented from further exercising her rights and suffered retaliation for having exercised her rights.

30. The Defendant Officers retaliated against Plaintiff for engaging in protected speech by subjecting her to excessive force without legal justification. Plaintiff's protected speech was the substantial and motivating factor for the Defendant Officers' use of force against her. The Defendant Officers' actions were intended to make Plaintiff and other people engaging in constitutionally-protected speech at the protests wary of continuing to engage in such protected activities in the future and specifically to chill their rights guaranteed under the First Amendment.

31. At all relevant times, the Defendant Officers were aware that Plaintiff was engaged in constitutionally-protected speech when they violated her rights. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

32. The actions of the Defendant Officers were the direct and proximate cause of the violations of Plaintiff's constitutional rights, bodily injury, pain, suffering, mental distress, anguish, and humiliation, as set forth more fully above.

## COUNT III – 42 U.S.C. § 1983
### Failure to Intervene

33. Each paragraph of this Complaint is incorporated as if restated fully herein.

34. Count III is alleged against Defendant Todd Witulski.

35. During the events described above, Defendant Witulski stood by without intervening to prevent the violation of Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments, even though he had the opportunity and duty to do so.

5

36. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

37. As a direct and proximate result of Defendant Witulski's failure to intervene, Plaintiff suffered damages, including bodily injury, pain, suffering, mental distress, anguish, and humiliation, as set forth more fully above.

### COUNT IV
### Indemnification

38. Each paragraph of this Complaint is incorporated as if restated fully herein.

39. Count IV is alleged against Defendant City of Chicago.

40. In Illinois, pursuant to 735 ILCS 10/9-102, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

41. The Defendant Officers acted within the scope of their employment in committing the misconduct described herein. Therefore, Defendant City of Chicago is liable as their employer for any resulting damages or award of attorney's fees.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor against the Defendants in the following manner:

1. Award Plaintiff compensatory and punitive damages.

2. Award Plaintiff reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988.

3. Award Plaintiff such other and further relief as this Court may deem appropriate and just.

6

**JURY DEMAND**

Plaintiff demands trial by jury.

Dated: July 8, 2022  Respectfully submitted,

/s/ Ben H. Elson
Joey L. Mogul, Janine Hoft, Ben H. Elson
Jan Susler, Brad J. Thomson
People's Law Office
1180 N. Milwaukee Ave.
Chicago, IL 60642
773-235-0070
joeymogul@peopleslawoffice.com
janinehoft@peopleslawoffice.com
ben@peopleslawoffice.com
brad@peopleslawoffice.com
jsusler@peopleslawoffice.com


Vanessa del Valle
Roderick and Solange MacArthur Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611-3609
312-503-5932
vanessa.delvalle@law.northwestern.edu


Sheila A. Bedi
Community Justice and Civil Rights Clinic
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611-3609
312-503-8576
sheila.bedi@law.northwestern.edu