IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CORINNE KAPSER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 22 cv 03563 |
| | ) | |
| LUIS LAURENZANA, TODD WITULSKI, and CITY OF CHICAGO, | ) ) ) | Judge Martha M. Pacold |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendants. | ) | |

## DEFENDANTS' UNOPPOSED MOTION FOR
## ENTRY OF HIPAA PROTECTIVE ORDER

NOW COME Defendants, LUIS LAURENZANA, TODD WITULSKI, and CITY OF CHICAGO, by and through their counsel, Steven B. Borkan, Timothy P. Scahill, Whitney N. Hutchinson, and Christiane E. Murray of BORKAN & SCAHILL, LTD., and respectfully move this Honorable Court, pursuant to Fed. R. Civ. P. 26(c) and 45 C.F.R. §§ 160 and 164, for entry of a "Qualified HIPAA Protective Order." In support thereof, Defendants state as follows:

1. On July 8, 2022, Plaintiff filed her Complaint alleging injuries stemming from her attendance at a protest on July 17, 2020. Dkt. # 1 at ¶¶ 11, 20. Specifically, Plaintiff alleges she received medical treatment for a broken hand, injured her leg, and suffered extreme mental distress, anguish and fear. *Id.* at ¶ 20.

2. As a result of Plaintiff's claims, the Parties anticipate medical records will be sought and produced in this matter. The Parties anticipate production in this litigation of medical information covered by the Health Insurance Portability and Accountability Act.

1

3.Medical information is protected by the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26, and 42 U.S.C. (2002). The "Privacy Standards" for such information is found at 45 C.F.R. §§ 160 and 164 (2000).

4.The Defendants' proposed "Qualified HIPAA Protective Order,"[1] facilitates production of such materials for this case while prohibiting the use of medical information covered by the Health Insurance Portability and Accountability Act for any purpose other than litigation of this case, prohibits their dissemination to parties outside this litigation, and requires their return and/or destruction at the end of this litigation. Such an order would ensure the protection of such information, consistent with the principles of federal and Illinois law.

5.Defendants are requesting a Qualified HIPAA Protective Order to obtain certain medical records and health information relating to Plaintiff's claimed injuries.

6.Defendants do not object to the disclosure of relevant production to other respective parties in accordance with the Federal Rules of Civil Procedure, but only seek to limit the use of the production to this litigation and protect confidential information from dissemination to third parties.

7.Plaintiff has no objection to the instant motion and corresponding proposed Qualified HIPAA Protective Order.

WHEREFORE, Defendants respectfully request this Court enter the proposed "Qualified HIPAA Protective Order" and for any other relief this Court deems just.

Respectfully Submitted,

BORKAN & SCAHILL, LTD.

By:/s/ Christiane E. Murray
Christiane E. Murray

Steven B. Borkan
Timothy P. Scahill

---

[1] The proposed order has been submitted to Proposed_Order_Gilbert@ilnd.uscourts.gov.

Whitney N. Hutchinson
Christiane E. Murray
Maurice Rice II
Special Assistants Corporation Counsel
BORKAN & SCAHILL, LTD.
Two First National Plaza
20 South Clark Street
Suite 1700
Chicago, Illinois 60603